IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LARRY J. CLINKENBEARD                                                    PLAINTIFF

V.                                        4:05CV918JMM

AIR TRANSPORT INTERNATIONAL, INC.                              DEFENDANT


## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending is the Defendant's Motion for Summary Judgment. The Plaintiff has responded. For the reasons set forth below, the Motion is GRANTED.

### Facts

The material facts of the case are undisputed. Plaintiff is a former employee of Defendant Air Transport International, Inc. ("ATI"). He was employed as a flight mechanic for ATI, an air transporter of heavy freight worldwide. Plaintiff was terminated in December 2004 for allegedly making a false entry in an ATI aircraft flight log. Plaintiff claims he was terminated because of his age in violation of the Age Discrimination in Employment Act.

Plaintiff admits that on a flight scheduled to depart from Diego Garcia, an island in the Indian Ocean, he made an entry to the flight log indicating that there was a discrepancy, or malfunction, in the aircraft. Plaintiff wrote: "on post flight found forward auxiliary fill circuit breaker popped. Reset breaker. No help. Troubleshot system. Forward auxiliary gauge is bad." (Shurtleff Aff, Ex. 1, Att. A). FAA regulations require that for each discrepancy a corrective action be taken before the aircraft can be cleared for flight again. Some discrepancies may be deferred for later repair if the proper deferral procedures are followed. The corrective action for

the discrepancy at issue was entered into the flight log and signed by Plaintiff. It stated, "deferred forward auxiliary fuel tank I/A/W [in accordance with] MEL 28-18-00 CAT C This is DMI # 31004. No fly 12/17/04." (Shurtleff Aff., Ex. 1, Att. A). The process for deferring a discrepancy is to call ATI maintenance control and obtain a DMI (Deferred Maintenance Item) number. The purpose of obtaining the number is to track the discrepancy and document its repair within the period prescribed.

Plaintiff spoke with ATI maintenance controller Peter Gilbert regarding the deferral of the discrepancy. The conversation was tape recorded by ATI as all conversations are between flight mechanics and maintenance control. Plaintiff described the problem with the forward fill tank valve and asked for a deferral on this discrepancy. Gilbert asked Plaintiff if the "affected valve [was] secured closed?" Plaintiff answered "yes." (Ex. 3, Plaintiff's Dep. at 90). Gilbert told Plaintiff that the relevant Minimum Equipment List ("MEL") was 28-18-00 and that it was a Category C. (Plaintiff's Dep. At 84). ATI's General Maintenance manual provides a deferred maintenance procedure and contains an MEL which defines the equipment which may be inoperable and the aircraft still be permitted to fly. However, maintenance on equipment can be deferred only if the procedures set out in the relevant MEL for the particular equipment have been complied with fully. MEL 28-18-00 contains the procedure for deferring repair of the auxiliary tank fill valve. It states that a valve may be inoperative provided it is "secured CLOSED." (Shurtleff Aff., Ex. 1, Att. B).

Plaintiff admits that he told Gilbert the affected valve had been secured closed. However, Plaintiff had not secured the fill valve closed at that point. He states in his affidavit that he planned to wire the valve closed before the plane was cleared for flight. Instead, Plaintiff

waited until the plane had been refueled.  A member of the flight crew discovered that there was fuel leaking from the right wing leading fuel edge forward auxiliary tank.  Plaintiff admits that this leak occurred because the fill valve was still open and fuel was allowed to enter the auxiliary tank during refueling of the plane.  Plaintiff again took corrective action which he entered as discrepancy number 2 on page 105031 of the flight log.  Plaintiff "emptied forward auxiliary tank and disconnected electrical power from fill valve and wired fill valve in closed position. (Shurtleff Aff., Ex. 1, Att. A).  The flight scheduled to leave Diego Garcia was delayed as a result of Plaintiff's action until the next morning. Plaintiff admits that in hindsight he would have made the decision to wire the fuel fill valve closed at the particular time he entered the action in the flight log because it may have been more convenient for him and other crew members. (Plaintiff's Aff., Ex. D).  There is evidence in the record that if the airplane had departed without the crew knowing that the auxiliary tank had been filled with fuel, the calculations as to the aircraft's center of gravity would have been in error.  This error could have potentially caused the loss of the aircraft and the crew. (Shurtleff Aff., Ex. 1 at para. 18-19).

      Following this incident, Plaintiff's supervisor Brian Dufour was notified about the fuel leak on Diego Garcia from ATI maintenance control.  Dufour reviewed the relevant log pages and listened to the recorded conversation between Plaintiff and Gilbert.  After conferring with his supervisor, Dufour recommended that Plaintiff receive a final warning, coaching and counseling for the incident.  (Ex. 4(a)).  Dufour presented this disciplinary action to Richard Shurtleff, then Vice President of Technical Services.  Shurtleff had to approve the action before Dufour could issue the letter to Plaintiff.  (Shurtleff Aff., Ex. 1).  Shurtleff did not immediately approve the disciplinary action recommended by Dufour.  Shurtleff conferred with ATI's Vice

President of Human Resources, John Turnipseed, and finally concluded that Plaintiff should be terminated for falsifying the flight log entry and potentially endangering the aircraft and crew. Plaintiff filed suit against ATI for age discrimination on June 27, 2005.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be

granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion of the Law

In order to prove a prima facie case of age discrimination, the Plaintiff must show that he (1) is within the protected age group; (2) was performing his job at the level that met the employer's legitimate expectation; (3) was discharged; and  (4) was replaced by a younger worker.  *Hitt v. Harsco, Corp.,* 356 F.3d 920, 924 (8th Cir. 2004).  If the Plaintiff has established a prima facie case, the burden shifts to the Defendant to "'produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). If the employer meets its burden to produce such evidence, then the plaintiff must "'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" *Reeves*, 530 U.S. at 143, 120 S.Ct. 2097 (quoting *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089).

Defendant argues that Plaintiff cannot prove the second element of his prima facie case because he cannot prove he was performing his job at a level that met ATI's legitimate expectation.  It is undisputed that Plaintiff failed to secure closed the fuel fill valve of the auxiliary tank at the time he signed the flight log entry stating that he had done so.  It is also

undisputed that Plaintiff's inaction caused fuel to leak from the aircraft and further caused the delay of the scheduled flight from Diego Garcia. These undisputed facts tend to show that on at least one occasion Plaintiff failed to perform his job at the level expected by ATI.

Further, even if Plaintiff has made a prima facie case, he cannot prove that Defendant's reason for terminating him was actually a pretext for discrimination. In other words, the Defendant has articulated a legitimate, non-discriminatory basis for Plaintiff's termination and Plaintiff has failed to present evidence of discrimination.

Plaintiff argues, however, that he has evidence that his supervisor, Brian Dufour, discriminated against older employees by preparing a "hit list" of five older employees, including Plaintiff, whom he intended to fire. Plaintiff claims that he was told about the "hit list" from a co-worker named Raj Acquilla. Mr. Acquilla states in his deposition that he was told about the "hit list" from another co-worker, Al Veith. (Acquilla Dep., Ex. B at 12). Mr. Veith, an ATI flight engineer, denies making the statements or ever hearing about the "hit list." (Ex. 7, Veith Dep. at p. 16-18).

On a motion for summary judgment, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e). Mr. Acquilla's statement regarding the "hit list" is hearsay about hearsay. He has no personal knowledge as to whether Brian Dufour made a "hit list" or told others that he had a "hit list." Therefore, Mr. Acquilla's statement regarding the "hit list" is not admissible in evidence.

Moreover, there is no evidence that Brian Dufour made the decision to terminate

Plaintiff's employment.  On the contrary, there is evidence that if Brian Dufour had made the decision as to the extent of disciplinary action taken against Plaintiff, Plaintiff would have received a final warning, not termination.  Therefore, even if Dufour had made the "hit list" comment, he was not the decision maker in this case and the comments were merely stray comments.  *See Gartman v. Gencorp Inc.,* 120 F.3d 127, 131 (8th Cir. 1997)("an inference of causation is not supported by stray remarks in the workplace, statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself.").

Plaintiff contends that he can show discrimination based upon the fact that Charlie Valentine, an ATI flight mechanic who is in his thirties, was responsible for the Diego Garcia flight and he was not disciplined for the incident.  However, it is undisputed that Plaintiff was the person who signed the flight log indicating he had followed the DMI procedure and that he was the person who spoke with Peter Gilbert to verbally confirm that he had followed the correct procedure.  Further, Plaintiff admits that he did not tell anyone, including his supervisors, that Mr. Valentine was responsible for the incident.  " The relevant inquiry is whether employer believed [the] employee guilty of conduct justifying discharge."  *See Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 n.2 (8th Cir. 1994)(citing with approval *Elrod v. Sears, Roebuck and Company*, 939 F.2d 1466 (11th Cir. 1991)).

In conclusion, the Court finds that Plaintiff's age discrimination claim "is supported more by contentions and speculation than evidence, [and] it is insufficient to withstand summary judgment." *Kohrt v. MidAmerican Energy Co.,*  364 F.3d 894, 898 (8th Cir. 2004)(quoting *Girten v. McRentals, Inc.*, 337 F.3d 979, 982 (8th Cir.2003)).  Plaintiff acknowledged that he made an error in judgment.  Legitimate disciplinary action was taken by his employer as a result of a

potentially grievous mistake.  As stated frequently, the courts do not sit as a super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, unless there is intentional discrimination involved.  *Hutson v. McDonnell Douglas Corp.,* 63 F.3d 771, 781 (8th Cir. 1995).

For these reasons, the Defendant's Motion for Summary Judgment (Docket # 23) is GRANTED.  The Clerk is directed to close the case.  Defendant's Motion for Sanctions (Docket # 37) is DENIED.

IT IS SO ORDERED this 14th day of December 2006.

_____
James M. Moody
United States District Judge